Cornelia D. Kipp, an Infant, by Elbert Kipp, Her Guardian ad Litem, Respondent, v. Siegel-Cooper Company, Appellant.

*Pleading — joinder of actions — when pleading does not allege action for slander.*

Appeal by the defendant from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 28th day of June, 1909, upon the decision of the court, rendered after a trial at the Westchester Special Term, overruling defendant's demurrer to the complaint.

Thomas, J.: The defendant demurs to the complaint upon the ground that it unites a cause of action for assault and battery (first cause of action) with a cause of action for slander combined with a cause of action for false imprisonment (second cause of action). It is true that a cause of action for assault and battery or for false imprisonment cannot be united with a cause of action for slander (*De Wolfe* v. *Abraham,* 151 N. Y. 186), but I think the plaintiff has hardly done this. The first cause of action is clearly for assault and battery, and the second cause of action would be clearly for false imprisonment had not the complaint (Subd. XI) stated the accusation of slander. But the statement is not the principal one, and I think that it was properly pleaded to show the pretense of the arrest and maybe the malice of the actors. The false imprisonment was continuing when the words were used, and their utterance was a part of the *res gestæ.* In subdivision XII the pleader states the fact of the plaintiff's innocence and her declaration thereof to the wrongdoers and their persistence in their wrongdoings, and then continues the history of her detention; and subdivision XIII takes up and continues the description of the violence and the circumstances of her imprisonment. It is true that subdivision XIV states "That by reason of the said willful and unlawful accusations and actions," etc., plaintiff was subjected to great indignities, but the false imprisonment is obviously the central cause of harm charged, and subdivision XV continues and emphasizes this. The interlocutory judgment should be affirmed, with costs. Woodward, Jenks, Burr and Rich, JJ., concurred. Interlocutory judgment affirmed, with costs.

---

In the Matter of the Application of Isaiah Dunn Clawson for Admission to the Bar.— Application granted. Present — Hirschberg, P. J., Woodward, Burr, Thomas and Rich, JJ.

In the Matter of the Application, Pursuant to Chapter 483 of the Laws of 1909,* of The Co-operative Law Company.— Motion for leave to appeal to the Court of Appeals granted. Motion to suspend the operation of the order vacating the order of June 18, 1909, pending appeal, granted. Present — Jenks, Burr, Thomas, Rich and Carr, JJ. Settle order before Mr. Justice Burr. (See *ante,* p. 901.)

Archibald Bowman, Respondent, v. Percy N. Furber, Appellant, Impleaded with Frank Furber and Others, Defendants.— Interlocutory judgment affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Jenks, Thomas and Rich, JJ., concurred.

---

* Penal Law, § 280.— [Rep.